**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Lawrence PORTER, Defendant-Appellee.**

**No. 73–3589.**

United States Court of Appeals, Fifth Circuit.

July 31, 1974.

———◆———

Gerald Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellant.

Ross T. Scaccia, New Orleans, La. (Court-appointed), for defendant-appellee.

Before BELL, SIMPSON and INGRAHAM, Circuit Judges.

PER CURIAM:

The district court granted a motion to suppress heroin seized as the result of a search of a suitcase in the trunk of an automobile incident to a warrantless arrest.[1] Finding ample evidence of probable cause and exigent circumstances, we reverse. See Draper v. United States, 1959, 358 U.S. 307, 79 S. Ct. 329, 3 L.Ed.2d 327. *Cf.* United States v. Lopez-Ortiz, 5 Cir., 1974, 492 F.2d 109; United States v. Horton, 5 Cir., 1973, 488 F.2d 374. The district court relied to some extent on the decision of this court in United States v. Soriano, 5 Cir., 1973, 482 F.2d 469. The applicable portion of that decision has been set aside. United States v. Soriano, 5 Cir., 1974, 497 F.2d 147. (En Banc).

Reversed and remanded for further proceedings are not inconsistent herewith.

---

1. We agree with the district court that appellant was arrested when the vehicle was stopped. Hence, probable cause is measured without benefit of statements made thereafter by appellant and no Miranda question is involved. Miranda v. Arizona, 1966, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. .